UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE APONTE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:22-cv-05198 |
| | ) | |
| v. | ) | |
| | ) | |
| CONWAY FARMS GOLF CLUB, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Jose Aponte ("Plaintiff") in support of his Complaint against Conway Farms Golf Club, Inc. ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race, color, and sexual harassment based discrimination and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights (attached hereto as Exhibit A).

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit B), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9. Plaintiff is an individual residing in Lake County, Illinois.

10. Defendant operates a golf club at 425 South Conway Farm Drive, Lake Forest, IL, 60045, in Lake County which is in this judicial district.

11. At all times relevant, Plaintiff was employed and worked at Defendant's Golf Club location at 425 South Conway Farm Drive, Lake Forest, IL, 60045.

## BACKGROUND FACTS

12. On or about June 1, 2022, Plaintiff was hired by Defendant as a line cook.

13. Since at least the beginning of his employment until he was terminated, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14. Plaintiff was unlawfully terminated by Defendant on or about July 3rd, 2022, based on his sex (male), his race (African-American), his skin color (black), and in retaliation for reporting unlawful sexual harassment.

15. Upon being hired, Plaintiff was immediately made to feel like an outsider by the other employees in the kitchen, most of whom were either Mexican or Caucasian.

16. During Plaintiff's first few days of employment, another line cook named Jesus, along with several other employees, started calling the Plaintiff "Moreno" in a negative manner.

17. If used negatively, "Moreno" can be a derogatory term for black or dark-skinned people.

18. On or around June 15, 2022, Line Cook, Jesus told the Plaintiff to "suck his d**k". Plaintiff immediately reported the comment to Sous Chef, Sam that same day. Chef Sam responded by telling the Plaintiff that Jesus just likes to play mind games and to not let it offend him.

19. No action was taken to address Jesus' inappropriate behavior toward the Plaintiff.

20. Following that incident, the Plaintiff became increasingly uncomfortable around Jesus.

21. Jesus would squeeze past the Plaintiff and purposely rub his body against the Plaintiff's.

22. The Plaintiff complained to Chef Sam about these incidents but Chef Sam became increasingly annoyed and hostile toward the Plaintiff when the complaints were brought to his attention.

23. On or about July 3, 2022, Executive Chef Mark asked the Plaintiff into the office and told Plaintiff "I don't think you know your place here. I know that Jesus told you to suck his d**k but he's our line cook and he's been here longer than you".

24. Chef Mark went on to tell the Plaintiff that he needed to respect Jesus' seniority if Plaintiff wanted to continue working there.

25. The Plaintiff complained that he was not comfortable with being harassed.

26. Defendant terminated the Plaintiff's employment when Plaintiff objected to allowing the harassment to continue.

27. The Plaintiff has been discriminated against because of his race (African-American), color (black), and sex (male), and was terminated in retaliation for opposing discrimination and sexual harassment.

28. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

29. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. § 1981**

30. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

32. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

33. Plaintiff was subjected to and harmed by Defendant's systemic and individual

discrimination.

34. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

35. Plaintiff demands this count be tried by a jury.

## COUNT II
**Demand for Relief for Race and Color-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e,** *et seq***.**

36. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

38. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

39. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

40. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

41. Plaintiff demands that this count be tried by a jury.

## COUNT III
**Demand for Relief for Race and Color-Based Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e,** *et seq.*

42. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and harassed the Plaintiff on the basis of his race, African American, his sex, male, and because of his color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

44. Defendant knew or should have known of the harassment.

45. The race, sex and color harassment was severe or pervasive.

46. The race, sex and color harassment was offensive subjectively and objectively.

47. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race, African American, his Sex, male and because of his color.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Demand for Relief for Sex-Based Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.***

49. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51. Defendant knew or should have known of the harassment.

52. The sexual harassment was severe or pervasive.

53. The sexual harassment was offensive subjectively and objectively.

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his sex, male.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT V
### Demand for Relief for Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

56. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race, sex and color-based discrimination.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. Furthermore, Defendant terminated Plaintiff's employment in response to his opposing harassment and discrimination.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the race –based, sex-based and color-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

7

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

Dated this 23rd day of September, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No. 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, ESQ.**

          IL Bar No. 6340657
          **SULAIMAN LAW GROUP LTD.**
          2500 S. Highland Avenue, Suite 200
          Lombard, Illinois 60148
          Phone (331) 307-7632
          Fax (630) 575 - 8188
          ceisenback@sulaimanlaw.com
          *Attorney for Plaintiff*